

| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-------------------------------------X

JOHN NELSON,

            Plaintiff,

-against-

THE CITY-COUNTY COUNCIL; THE CITY
OF NEW YORK; THE WARDEN OF RIKERS
I[S]LAND, (name unknown); and SIX JANE
AND JOHN DOES, DEPUTIES, in their
official and individual capacities,

            Defendants.

-------------------------------------X

**MEMORANDUM AND ORDER**
06-CV-2858 (ERK)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 27 2006 ★
BROOKLYN OFFICE

KORMAN, Ch.J.:

Plaintiff, a prisoner incarcerated at F.C.I. Schuylkill in Pennsylvania, brings this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that defendants violated his civil rights. Plaintiff seeks $300,000 in damages. Compl. at 4. I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, I dismiss the complaint in part and direct plaintiff to amend his complaint within thirty (30) days of the date of this Order.

## BACKGROUND

Plaintiff alleges that he was incarcerated at Rikers Island from January to June 2004, and that while at the facility, he "was subjected to overcrowded, inadequate and substandard sanitary conditions," which included leaking pipes, resulting in slippery and moldy floors. Id. ¶¶ 7-8. Plaintiff alleges that he and other inmates at Rikers Island filed "grievances, work orders ... and other complaints to have the water leaks fixed," but that even after many inmates slipped and fell on the floors, the defendants "still refused to fix the problems." Id. ¶ 10. According to the complaint, plaintiff slipped and fell "in one of the pools of water

on the floor" on April 23, 2004, injuring his back and breaking his left wrist, causing him to be placed in a wrist cast and neck brace. Id. ¶ 11. Plaintiff alleges that "[d]ue to the deliberate indifference of the defendants to assure pretrial detainees and other inmates to safe living and working conditions, [he] now suffers a life long injury and serious permanent impairment." Id. ¶ 12. Plaintiff asserts that he has exhausted his administrative remedies to bring this action. Id. ¶ 13.

## DISCUSSION

A.  Standard of Review

Under 28 U.S.C. § 1915A, I have the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. As plaintiff is proceeding *pro se*, I am obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, I must interpret plaintiff's pleadings as raising the strongest argument they suggest. Id. Furthermore, the Second Circuit has held that "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999)).

B.  Municipal Defendants

Plaintiff names the City-County Council–presumably the New York City Council–and the City of New York as defendants. In order to sustain a claim for relief under § 1983 against a municipal defendant,

plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). Nowhere in the complaint does plaintiff allege the existence of an officially adopted policy that caused his injury. Accordingly, plaintiff's § 1983 claims against the New York City Council and the City of New York are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

C.  Personal Involvement

In order to maintain an action pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).

Plaintiff names the Warden of Rikers Island as a defendant.[1] It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (citations omitted). A defendant's direct personal involvement may be established by demonstrating that the defendant directly

---

[1] Plaintiff also names "six Jane and John Does, Deputies" as additional defendants, but provides no facts to support a claim against these unidentified defendants.

participated in an event, learned of the egregious wrong and failed to correct it, created or allowed a policy to exist that harmed the plaintiff, or was grossly negligent in managing subordinates who caused the unlawful condition to exist. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). In this case, plaintiff fails to allege that this defendant was directly involved in his injuries. Furthermore, to the extent that this defendant is a state actor in a supervisory role, plaintiff fails to allege that this defendant created or allowed any custom regarding wet floors to exist or acted in a grossly negligent manner in managing the officers he supervised. As such, plaintiff's § 1983 claim against this defendant is also dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

D.  Exhaustion

In Porter v. Nussle, 534 U.S. 516 (2002), the United States Supreme Court held that the Prison Litigation Reform Act's (PLRA) exhaustion requirement, 42 U.S.C. § 1997e(a), applies to all inmate suits about prison life. Therefore, plaintiff's claims can only proceed if he has exhausted all available administrative remedies before he filed this action. Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001) (exhaustion requirement must be met as of the time the complaint is filed); see also Booth v. Churner, 532 U.S. 731, 739 (2001) (all available remedies must be exhausted; the remedies need not meet federal standards, nor must they be "plain, speedy and effective"). Plaintiff states that he has "exhausted his administrative remedies," Compl. ¶ 13, but does not describe any of the specific steps he has taken to comply with the exhaustion requirements of the PLRA. Accordingly, it is unclear whether his claims should be dismissed for failure to exhaust. See Neal, 267 F.3d at 123. However, before dismissal, I must afford plaintiff an opportunity to show how he has complied with the PLRA's exhaustion requirements. See Mojias v. Johnson, 351 F.3d 606, 610-11 (2d Cir. 2003).

4

E. <u>Unsafe Prison Conditions</u>

Plaintiff alleges that defendants' failure to maintain the floors at Rikers Island constitutes a violation of the Eighth Amendment's proscription against cruel and unusual punishment.[2] Compl. ¶ 5. The Eighth Amendment imposes a duty on prison officials to "'take reasonable measures to guarantee safety of the inmates.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)). To establish a constitutional violation, a prisoner must show that he was "incarcerated under conditions posing a substantial risk of serious harm," <u>Farmer</u>, 511 U.S. at 834, and that the prison official showed "deliberate indifference" to the prisoner's health or safety. Deliberate indifference exists where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837; <u>see</u> <u>Hayes v. New York City Dep't of Corr.</u>, 84 F.3d 614, 620 (2d Cir. 1996) (holding that prison official possesses culpable intent to support a claim of deliberate indifference where he "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm").

Courts have regularly held that a wet or slippery floor does not pose an objectively excessive risk to prisoners. <u>See, e.g.</u>, <u>Sylla v. City of New York</u>, No. 04-CV-5692, 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005) (flooded bathroom did not pose excessively serious risk to plaintiff; "nor does the conclusory statement that [defendant/corrections officer] 'knew that plaintiff might injure himself' transform a wet floor into anything more than a negligent condition"); <u>Davis v. Reilly</u>, 324 F. Supp. 2d 361, 367 (E.D.N.Y. 2004)

---

[2]Plaintiff also alleges that he was deprived of his rights under the Fourth Amendment, Compl. ¶ 5; however, plaintiff's invocation of the Fourth Amendment, which covers unreasonable searches and seizures, is misguided, as his complaint, even when liberally construed, in no way implicates any Fourth Amendment considerations.

5

(failure to provide shower mats does not rise to level of constitutional violation); Spencer v. Warden Sylvester, No. 97-CV-5491, 1999 WL 61644, at *3 (E.D.N.Y. Feb. 2, 1999) (no Eighth Amendment violation found where plaintiff slipped and fell on wet floor and allegedly suffered long-term physical impairment). Plaintiff's complaint, as currently presented, does not establish that the wet floors at Rikers Island posed an objectively excessive risk to inmates. Even if the conditions plaintiff complains of were a serious risk, he fails to establish that any individual defendant acted with a sufficiently culpable state of mind in failing to remedy those conditions. See Farmer, 511 U.S. at 837. As such, plaintiff's allegations on their own fail to state an Eighth Amendment claim.

Moreover, to the extent plaintiff's complaint raises a state law negligence claim against defendants, it is dismissed for failure to comply with New York's General Municipal Law. The General Municipal Law requires that any state tort claim against the City of New York or any of its agents be presented as a Notice of Claim within ninety days after the claim arises and that the action be commenced within one year and ninety days of the date the cause of action accrued. N.Y. Gen. Mun. Law §§ 50-e, -i. Plaintiff must also allege in his complaint that he complied with these provisions and that in that time defendants neglected to or refused to adjust or to satisfy the claim. Diggs v. New York Police Dep't, No. 04-CV-1849 (CBA)(LB), 2005 WL 3533158, at *5 (E.D.N.Y. Dec. 22, 2005) (citations omitted). Failure to comply with these provisions ordinarily requires dismissal. See Burks v. Nassau County Sheriff's Dep't, 288 F. Supp. 2d 298, 301 (E.D.N.Y. 2003). As plaintiff fails to allege that he served a notice of claim on the City of New York or its agents and has failed to bring the instant action within one year and ninety days of the April 23, 2004 incident, his state law negligence claim is barred. See id.

F.   <u>Leave to Amend</u>

Nevertheless, plaintiff is granted leave to replead his Eight Amendment claim to correct (if he can) the deficiencies as outlined above. See Cruz, 202 F.3d at 597-98. I direct plaintiff to file an amended complaint under docket number 06-CV-2858 within thirty (30) days of the date of this Order. In his amended complaint, plaintiff must: (a) demonstrate that he exhausted his administrative remedies under 42 U.S.C. § 1997e(a); (b) name as defendant(s) the individual(s) who personally acted or failed to act, giving rise to his claim that defendants violated his rights under 42 U.S.C. § 1983; and (c) provide the names of all relevant persons and a description of what actually occurred. Fed. R. Civ. P. 8(a). If plaintiff does not know the true identity of an individual defendant, he must provide as much detail as possible, including the date and time of the occurrence, whether the defendant was a man or a woman, what position or job each defendant held, and place of employment. Plaintiff shall refer to any unidentified defendant as John or Jane Doe.[3] As described above, plaintiff must allege facts to establish that the conditions at Rikers Island constituted an objectively serious risk to him and that defendants were "deliberately indifferent" in failing to ensure his safety.

## CONCLUSION

Accordingly, I dismiss plaintiff's claims against the New York City Council, the City of New York, and the Warden of Rikers Island for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). No summons shall issue as to these defendants. I also dismiss plaintiff's state law

---

[3] For example, C.O. John Doe #1 or Nurse Jane Doe, who was on A-Ward at 3:00 p.m. on April 23, 2004. Plaintiff is advised that naming John Doe defendants does not toll the statute of limitations governing actions under § 1983. Plaintiff shall be responsible for ascertaining the true identity of any John Doe defendant, having service made upon the defendant, and amending the complaint before the statute of limitations expires. <u>Soto v. Brooklyn Corr. Facility</u>, 80 F.3d 34, 35 (2d Cir. 1996); see also <u>Tapia-Ortiz v. Doe</u>, 171 F.3d 150, 152 (2d Cir. 1999).

negligence claim for failure to comply with New York's General Municipal Law. Further, plaintiff is hereby directed to file an amended complaint containing the information specified above regarding the alleged Eighth Amendment violation within thirty (30) days of the date of this Order.[4] No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If plaintiff fails to comply with this order within the time allowed, the complaint shall be dismissed. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Edward R. Korman<br>
Edward R. Korman<br>
United States District Judge:

Dated: Brooklyn, New York
6/12, 2006

---

[4] Plaintiff may use the Amended Complaint form attached hereto.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOHN NELSON,

      Plaintiff,      **AMENDED COMPLAINT**

 -against-         06-CV-2858 (ERK)

      Defendants.
-----------------------------------------------------------X